IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONESY L. BLACKMON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 3:25-CV-00206-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Jonesy L. Blackmon. (Doc. 1). On May 30, 2024, the undersigned sentenced Blackmon to 151 months of imprisonment and three years of supervised release after he pleaded guilty to one count of distribution of a controlled substance (methamphetamine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See United States v. Blackmon*, Case No. 22-CR-30087-NJR-1, at Docs. 72; 74. In his § 2255 motion, Blackmon argues that he should be resentenced without a disparity between pure methamphetamine and a mixture or substance containing methamphetamine. (Doc. 1). He also asserts that he "wanted [his] attorney to ask for a downward variance based on the policy disagreement with the methamphetamine purity," and contends that his attorney did not counsel the case to the best of his ability in compliance with his Sixth Amendment duties. (*Id.* at p. 9).

    Due to Blackmon's plea agreement, the Government seeks dismissal of his § 2255 Motion. (Doc. 2). The Government points to the following language in Blackmon's

written plea agreement:

> Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law.

(Docs. 2; 3, pp. 8-9) (emphasis in original). According to the Government, this clear and unambiguous language constitutes a knowing and voluntary waiver of Blackmon's collateral review rights in exchange for the Government agreeing to recommend a sentence at the low end of the advisory guideline range. (Doc. 2). As such, the Government argues that Blackmon waived his rights to collaterally attack his sentence and his § 2255 motion must be dismissed. (*Id.*).

Importantly, the next paragraph in the plea agreement lists exceptions to the waiver of the right to appeal or bring a collateral attack. (Doc. 3). The second subsection states, "The defendant's waiver of the right to appeal or bring a collateral attack does not apply to a claim that Defendant received ineffective assistance of counsel." (*Id.* at p. 9).

The Seventh Circuit has held that a voluntary and knowing waiver of the right to appeal or to collaterally attack a conviction and sentence is valid and enforceable. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999); *see also Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). "But for a waiver to apply, the disputed appeal or collateral attack must fall within the waiver's scope." *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012). After all, a plea agreement is a contract, and the terms of the agreement

are interpreted according to the reasonable expectations of the parties with any ambiguities construed in the light most favorable to the criminal defendant. *Id.*

Here, the plea agreement specifically states that the waiver does not apply to a claim that Blackmon received ineffective assistance of counsel. Notably, this exception in the plea agreement does not only relate to an ineffective assistance of counsel claim for *negotiating the plea agreement.* In the cases cited by the Government, the Seventh Circuit held that the right to mount a collateral attack under § 2255 survives a waiver with respect to discrete claims of ineffective assistance of counsel in negotiation of the plea agreement. *See Mason v. United States*, 211 F.3d 1065, 1068-69 (7th Cir. 2000); *Jones*, 167 F.3d at 1144-45; *see also Hurlow v. United States*, 726 F.3d 958, 964-65 (7th Cir. 2013) (providing a more complete explanation of the holding in *Jones* related to the whole agreement versus the waiver provision). The plea agreements in those cases, however, do not expressly except claims of ineffective assistance of counsel from the waiver as in Blackmon's agreement.

Blackmon does not claim that he entered into his plea agreement unknowingly or involuntarily, that the Court relied on a constitutionally impermissible factor at sentencing, that the sentence exceeded a statutory maximum, or that his counsel was ineffective in negotiating the plea agreement. Thus, his waiver is valid and enforceable. *See Keller*, 657 F.3d at 681. But ineffective assistance of counsel claims are outside the scope of Blackmon's waiver, as his plea agreement expressly states. (Doc. 3, p. 9). The Court finds that Blackmon's claims regarding resentencing based on the disparity between pure methamphetamine and a mixture or substance containing methamphetamine are waived as they directly attack his sentence. But his assertions that he "wanted [his] attorney to

ask for a downward variance based on the policy disagreement with the methamphetamine purity," and that his attorney did not counsel the case to the best of his ability under his Sixth Amendment duties can be broadly construed as an ineffective assistance of counsel claim, which is excepted from the waiver in his plea agreement. Thus, the Government should respond to the merits of that claim.

Accordingly, the Motion to Dismiss (Doc. 3) Blackmon's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED in part and DENIED in part**. The Government shall respond to the merits of Blackmon's § 2255 Motion as to his ineffective assistance of counsel claim on or before **August 14, 2025**.

**IT IS SO ORDERED.**

DATED:    July 15, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**